IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON ALAN JUSTICE,**

        **Plaintiff,**

    v.                                  CASE NO.  07-3133-SAC

**STACY (LNU), Director
of Mirror, Inc., et al.**

        **Defendants.**

### O R D E R

    This action was filed as a civil rights complaint, 42 U.S.C. 1983, by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  Plaintiff also submitted his "Kansas Department of Corrections (KDOC) Inmate Account Statement," which was filed as a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2).  He requested appointment of counsel in his complaint and in subsequent papers, but not in a separate motion to appoint counsel.  The complaint was copied and filed as a motion to appoint counsel (Doc. 3).  Plaintiff has also submitted a bunch of papers and exhibits[1], which were filed as "Motion to Supplement Complaint and Add Defendant" (Doc. 4), and a "declairation (sic) statement," which was filed as a Motion for Immediate Relief from Confinement

---

[1] Plaintiff recently has had three cases pending before this court and has submitted numerous papers many with multiple or no captions, or captions that were not the same as any of his three existing cases.  He has also referred to more than one case in some papers.  The court sorted through his most recent batch of papers, and construed them to be filed in his cases based upon their content.  Plaintiff was informed by the clerk of the constructions and filings of his papers.  He was also directed to place the proper caption and a title on future pleadings, and to submit new cases on forms provided upon request by the clerk.

and for Temporary Restraining Order" (Doc. 5).  Having considered all materials filed, the court finds as follows.

**CIVIL RIGHTS COMPLAINT MUST BE FILED ON COURT-PROVIDED FORMS**

Court rules require that a civil rights complaint be filed on court-approved forms.  See D.Kan.Rule 9.1(a)(Petitions for writs of habeas corpus . . . and civil rights complaints by prisoners . . . shall be on forms . . . supplied without charge by the clerk of the court upon request.").  Plaintiff is advised again that in the future, if he files either a habeas corpus petition under 28 U.S.C. §§ 2241/2254, or a civil rights complaint under 42 U.S.C. § 1983 in federal court, it must be submitted on forms provided by the clerk of the court.  He must also obtain from the clerk and utilize forms for filing a Motion to Proceed Without Payment of Fees.  If plaintiff files any subsequent action not on forms, he shall be required to complete and submit the forms before that action will be considered.  Motions, such as for appointment of counsel, should be filed on a separate sheet from the complaint, and include the case caption, case number, and the title of the motion at the top of the first sheet of the motion.

**ASSESSMENT OF PARTIAL FILING FEE**

As noted, plaintiff's account statement was construed as a Motion to Proceed Without Prepayment of Fees (Doc. 2).  28 U.S.C. §1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six

2

months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $17.13 and the average monthly balance is less than $1.00. The court therefore assesses an initial partial filing fee of $ 3.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[2]. Plaintiff will be given thirty (30) days to pay the assessed partial filing fee. If he fails to pay the partial fee within that time, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Justice is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**LEGAL STANDARDS**

To allege a valid claim under 42 U.S.C. § 1983, the civil rights plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  <u>Adickes v. S.H. Kress & Co.</u>, 398

---

[2] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full district court filing fee in this civil action of $350.00.  Being granted leave to proceed without prepayment of fees entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

3

U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  Although pleadings filed by prisoners are to be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), a court must not "assume the role of advocate for the pro se litigant," Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991), or "construct arguments or theories for the plaintiff in the absence of any" pertinent allegations.  Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

**PLAINTIFF'S ALLEGATIONS**

The court finds plaintiff's allegations in this case fall far short of stating any cognizable claim on which relief may be granted under 42 U.S.C. 1983.  In the complaint, Mr. Justice sues his KDOC parole officer, Steve Radcliffe; and Stacy (lnu), Director of Mirror Inc., where he was housed while on conditional release.  As ground one, he alleges defendants "forced (him) to enter into a contract to stay at Mirror" Inc., (hereinafter "Mirror"), which he claims was "illegal;" and that he wrote "under duress" beneath his signature on the contract.  He alleges defendant Radcliffe said "either sign the contract and stay here, or I take you immediately back to jail . . . ."  He further alleges that Mirror is a "place of confinement" from which he could "not come and go at will without the infraction of being unsuccessfully discharged and taken to jail;" and that he was forced into confinement at Mirror when he was no longer under a prison sentence[3].  He states he is suing defendants in both their

---

[3] Plaintiff's allegation that he was illegally required to live at Mirror when he was "no longer under a prison (incarceration) sentence" is disingenuous given that he has elsewhere stated he was

4

professional and individual capacities.  He asks the court to "vacate the illegal monies that Mirror through Director Stacy attempts to" elicit from him; to issue a temporary restraining order against defendant Radcliffe for his "coercive threat;" and to "reward (him) what is reasonably due" for his "illegal confinement" at Mirror.

As ground two, plaintiff sues defendant Stacy for the value of his missing personal property including video systems and games. This appears to be the main basis for plaintiff's complaint.  He alleges defendant Stacy approved his possession of this property one day; confiscated it the next and locked it in her office; and that after his unsuccessful discharge from Mirror, he was informed his property was missing from her office.  He further alleges that defendant Stacy has offered him a monetary settlement of $140.00 for only a portion of his property not including the game systems.  He seeks to recover the value of his property, which he claims is $3500.00 "plus other monitory (sic) damages" for deliberate indifference and negligence to him and his property.

## DISCUSSION

With regard to the first ground alleged by plaintiff, if it is construed as a claim that he was coerced by defendants to sign a

---

on conditional release.  While Kansas parole authorities are required to release an inmate who has served his maximum term less earned work and good behavior credits, that release may be subject to such written rules and conditions as the parole board imposes, until the expiration of the inmate's maximum sentence. K.S.A. 22-3718.  The fact that plaintiff was no longer incarcerated did not invalidate the parole board's authority to enforce conditions of his release.

5

contract for housing with Mirror, it presents no claim of a violation of federal or constitutional law.  Suits to void or recover under contracts are purely matters of state law.

The more likely construction of this ground is that plaintiff challenges his being required to live at Mirror as a condition of his supervised release.  Mr. Justice filed a prior action in which he stated his confinement at HCF was the result of an alleged violation of his conditional release, and the violation alleged was his unsuccessful discharge from Mirror.  See Justice v. Bruce, Case No. 07-3121-SAC (May 25, 2007).  He was informed in his prior action that his claim for release from allegedly illegal confinement is in the nature of habeas corpus, and exhaustion of state court remedies is required before it may be considered in federal court.  See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(a habeas petitioner is generally required to exhaust state remedies whether his action is brought under 28 U.S.C. § 2241 or § 2254.).

In essence, Mr. Justice seeks to challenge the Kansas Parole Board's finding that he violated his conditional release and that revocation of parole was warranted.  Challenges to the execution of a state sentence, including actions of a state parole board, by an inmate seeking release from allegedly illegal confinement are in the nature of habeas corpus claims[4].  Preiser v. Rodriquez, 411 U.S. 475, 489 (1973); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); U.S. v. Furman, 112 F.3d 435, 438 (10th Cir. 1997), cert.

---

[4] It is clear that Mr. Justice challenges the specific decisions in his case regarding imposition of conditions and that the facts found warrant revocation, rather than procedures of the KPB and their future application.

denied, 513 U.S. 1050 (1994).

Moreover, plaintiff's action to recover damages for his allegedly illegal confinement, is premature under Heck unless and until he has proven the revocation or his violator term is unlawful in the proper forum. See Heck v. Humphrey, 512 U.S. 477, 486 (1994); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Section 1983 claims challenging revocation of parole precluded under Heck until revocation is invalidated.); see also Boykin v. Siena House Gaudenzia Program, 464 F.Supp.2d 416, 424 (M.D.Pa. 2006)(a decision granting money damages for revocation of parole based on the "impermissible expulsion of plaintiff from Sienna House" would imply that the plaintiff is being improperly incarcerated); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir.), cert. denied, 522 U.S. 834 (1997). Since this is the only condition on which plaintiff's conditional release violation is based, a decision would necessarily involve a determination of the validity or invalidity of his present confinement. It follows a decision in his favor would undermine his arrest on a violator warrant, his revocation, and any violator term. Plaintiff must therefore challenge the condition as illegal in his parole violation hearing and any administrative appeals as well as in the courts of the state. Since plaintiff cannot, under Heck, maintain a cause of action for damages from unlawful imprisonment until the basis for that imprisonment has been rendered invalid, plaintiff may be held to have stated no cause of action pursuant to Section 1983. Accordingly, this claim is subject to being dismissed as frivolous pursuant to 28 U.S.C. 1915(d).

Plaintiff's claim for money damages due to missing property fails to state a federal legal or constitutional claim under Section

7

1983 for the reason that Kansas has a procedure for recovery for loss of personal property.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-544 (1981); Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990).

**OTHER MOTIONS**

Plaintiff's Motion to Supplement and Add Defendant (Doc. 4) is granted, and his supplemental materials have been considered in the court's determinations[5].

Plaintiff's requests for counsel are denied at this juncture. He is not entitled to appointment of counsel in a civil rights action, particularly since it appears he fails to state a claim.

Plaintiff's Motion for Immediate Release from Illegal Confinement and for Temporary Restraining Order (Doc. 5) is denied. As discussed herein, Mr. Justice has not shown exhaustion of state remedies, a prerequisite to seeking immediate release from state custody in federal court.  Nor has he shown a likelihood of success on the merits or the other prerequisites for a temporary restraining order[6].

---

[5] The court has considered plaintiff's complaints regarding delays and lack of response to his administrative grievances. His allegations are insufficient to state a claim of denial of due process.  The delays of several days do not appear to be unconstitutional, and he exhibits responses that were provided, including one from Mr. Sisson.  Moreover, he does not name defendants who personally participated in the delay of his grievances.

Plaintiff's allegations that state prison regulations have been violated do not support a claim of a violation of federal law or the U.S. Constitution.

[6] In this pleading, plaintiff also refers to several additional persons and entities and alleges their actions are also causing his

8

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $3.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. 3) is denied, without prejudice; plaintiff's Motion to Supplement and Add Defendant Kent A. Session is granted; and plaintiff's Motion for Immediate Release and for Temporary Restraining Order (Doc. 5) is denied.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

illegal confinement.  However, plaintiff has not filed a motion to add them as defendants, and has not provided pertinent information or alleged facts indicating the personal participation of each of them in setting conditions of his release or in revocation of his parole.  Accordingly, the court has not treated these statements as a motion to add defendants.  If plaintiff wishes to add these defendants, he should file a Motion to Amend Complaint with an amended complaint attached that is on forms provided by the court, which sets forth the requisite information for each additional defendant he wishes to name.