IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

                  Plaintiff,

        v.                      CASE NO.  07-3133-SAC

STACY (LNU), Director
of Mirror, Inc., et al.

                  Defendants.

**O R D E R**

This action was filed as a civil rights complaint, 42 U.S.C. § 1983, by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). On July 25, 2007, upon screening, the court entered an Order (Doc. 6) assessing an initial partial filing fee of $3.00, and requiring plaintiff to show cause why this action should not be dismissed for the reasons stated therein. Since that time plaintiff has filed a second Motion to Appoint Counsel (Doc. 8), a "Motion of Objection" (Doc. 9), and Motion to Change Venue (Doc. 10). Having considered all materials filed by plaintiff herein the court finds this action must be dismissed for reasons stated in its prior Order and herein.

**OBJECTION TO ASSESSMENT OF PARTIAL FILING FEE**

Plaintiff objects to the court's assessment of a partial filing fee of $3.00. The assessment was based upon the account

statement (Doc. 2) submitted by plaintiff with his complaint. In support of his objection, plaintiff states he attempted to get eight copies of his prison account statement, without success. However, he does not allege facts indicating that the additional copies of his account differed from the one filed, or should alter the court's assessment. By statute a partial filing fee is assessed based upon the activity in the inmate's account over the six months preceding the filing of the complaint. The account statement originally filed by plaintiff covered that period of time, and the balances called for the fee assessed.

Plaintiff also states he "has well over $100.00 in fees," owes money, and cannot pay the $3.00 fee. He further claims he will "easily win" monetary damages herein, and the costs of this suit should be paid by defendants. The court finds plaintiff states no valid objection to the assessed initial partial filing fee. Nor does he provide sufficient facts showing he has no means by which to pay the partial fee. The court rejects plaintiff's objection, and determines that plaintiff's motion for leave to proceed in forma pauperis should be denied for nonpayment of the partial filing fee as ordered and failure to state a sufficient objection. The court declines to give plaintiff additional time to pay the assessed fee because it also finds that the complaint fails to state a federal constitutional claim.

**SCREENING**

Mr. Justice was previously advised of this court's

2

statutory duty to screen his complaint, and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  He was also specifically informed of the reasons why the court found his complaint subject to being dismissed.  In response, plaintiff filed his "Motion of Objection."

Plaintiff objects that the court failed to mention IMPP 14-137.  He asserts that this state prison regulation proves his "illegal confinement," that his confinement is "unnecessary punishment," and that his "post release" revocation arrest warrant is invalid.  As plaintiff was previously informed, his claims based upon state laws, which include state prison regulations, are not grounds for relief under Section 1983.

In addition, plaintiff objects that he did claim violations of federal constitutional law in his complaint.  Claiming there has been a violation of federal law is not sufficient without also stating some facts demonstrating there has been such a violation.  While plaintiff often makes conclusory allegations that his federal constitutional rights have been violated, as he was informed, the facts he alleged in his complaint do not support such claims.

Mr. Justice adds in his objection that he had "problems with defendant Stacy of Mirror" during two previous stays there; and that defendant's "unlawful coercion" of him to stay at Mirror where he was forced to pay when he could have stayed somewhere else without paying was a "direct violation of Section 18 of the Kansas

3

Bill of Rights that support plaintiffs Fourth Federal Ammendment constutional (sic) Right to be secure in persons, reputation, and possessions and the Eighth Ammendment (sic) of 'Unnecessary Punishment'." Plaintiff also allegedly "corrects" several of the court's findings. He claims that he was on "post release supervision" not "conditional release;" that it was not a condition of his release that he stay at Mirror but a policy or decision that he could not be unsuccessfully discharged from Mirror; and that the condition he alleges was illegal was requiring he stay at a structured living housing unit until another residence plan was approved.

The court finds that the few facts alleged within these statements and corrections, even taken as true, do not cure the deficiencies in the complaint. As the court previously noted, Mr. Justice raised two main claims in his complaint and neither of those claims is grounds for relief under 42 U.S.C. § 1983. First, he seeks to challenge the finding that he violated conditions of his release, whether that be parole or post-supervision, and the resulting revocation warrant and confinement. Second, he seeks money damages for an alleged deprivation of personal property while he was staying at Mirror.

With respect to his illegal confinement claims, plaintiff has been informed in two of his actions that such challenges are in the nature of habeas corpus claims that must be filed pursuant to 28 U.S.C. § 2254 on court-provided forms, and that full exhaustion of state court remedies is a prerequisite. Moreover, he was

informed herein that his attempt to collect money damages based on such claims is premature under Heck v. Humphrey, 512 U.S. 477, 486 (1944) and other authorities cited in the court's prior Order. Plaintiff attempts to address only the exhaustion issue, claiming state courts have not acted on his claims so this court must exercise jurisdiction. However, he does not allege sufficient facts showing the remedies available in the state judicial system are inadequate or ineffective. Nor does he allege that he has sought relief from any inordinate delay by state trial courts in the Kansas appellate courts. The court finds plaintiff has not shown cause why his illegal confinement claims should not be dismissed as habeas corpus claims which have not been fully exhausted and money damages claims that are premature under Heck. The court concludes these claims must be dismissed for failure to state a cause of action under 42 U.S.C. § 1983.

Plaintiff was also informed that his allegations seeking money damages for negligent loss of personal property failed to state a federal legal or constitutional claim under Section 1983 for the reason that Kansas has remedies available for such personal property claims. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-544 (1981); Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990). Plaintiff has not shown cause why his allegations of negligent loss of personal property should not be dismissed for failure to state a claim under § 1983. The court concludes that all plaintiff's claims must be dismissed for the reasons stated in its Order dated July 25, 2007, and herein.

Plaintiff's Motion to Change Venue is denied as without factual or legal foundation.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for failure to state a federal constitutional claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 8) is denied as moot, and his Motion for Leave to Proceed in forma pauperis (Doc. 2) and Motion to Change Venue (Doc. 10) are denied.

**IT IS SO ORDERED**.

Dated this 19th day of March, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge